UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN KING, JR.,

       Plaintiff,                    CIVIL ACTION NO. 09-12719

v.                                  DISTRICT JUDGE LAWRENCE P. ZATKOFF
                                        MAGISTRATE JUDGE DONALD A. SCHEER

UNITED STATES GOVERNMENT,

       Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant matter should be transferred to the Eastern District of Arkansas because all the relevant events transpired there, the witnesses and records are located there, and Arkansas law governs the case.

\* \* \*

Plaintiff, while incarcerated at the Federal Corrections Institute at Milan, Michigan, filed the instant Complaint, on July 9, 2009, pursuant to 28 U.S.C. § 2672, alleging a cause of action under the Federal Tort Claims Act (FTCA) for assault and battery. Plaintiff claims that, while he was incarcerated at the Forest City Federal Corrections Institution at Low, Arkansas in April 2008, he was repeatedly assaulted by Corrections Officer Steve Melton, without cause and in an attempt to inflict cruel and unusual punishment. Plaintiff asserted that he was not being assaultive towards the corrections officer, and, therefore, the use of such force against him was excessive. Plaintiff added that the unreasonable force used against him by Officer Melton caused him to suffer unspecified physical and emotional injuries, and he sought two million dollars in damages.

Plaintiff was granted in forma pauperis status on July 31, 2009. The Defendant has not yet been served. Before service is completed, the instant matter should be moved to the Eastern District of Arkansas, sua sponte, because all the relevant events transpired there, the witnesses and records are located at the federal facility, and Arkansas law governs the case. Given these factors, the interests of justice would be best served by the transfer.

DISCUSSION AND ANALYSIS

The case should be transferred to the Eastern District of Arkansas pursuant to 28 U.S.C. § 1404(a). In pertinent part, section 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, as a threshold matter, there is a determination of whether the instant matter "might have been brought" in the Eastern District of Arkansas.

Under 28 U.S.C. § 1402(b), a civil action on a tort claim against the United States — such as the FTCA claim made by Plaintiff in this case — "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." Here, under § 1402(b), the Complaint was properly filed in the Eastern District of Michigan because Plaintiff now resides in Milan, Michigan. However, this case may also have been properly filed in the Eastern District of Arkansas, given that the allegations in the Complaint focus on tortiuous acts upon Plaintiff while he was incarcerated at the Forrest City facility in Low, Arkansas. Therefore, this matter meets the § 1404(a)

requirement that it "might have been brought" in the proposed transferee court, the Eastern District of Arkansas.

While a plaintiff's forum choice generally deserves deference, it is accorded less deference "where the operative facts of a lawsuit occurred outside the forum selected by plaintiff." *Id.* at 475 (citing *Am. Tel. & Tel. Co. v. MCI Communications Corp.,* 736 F.Supp. 1294, 1306 (D.N.J. 1990)). Plaintiff's claims appear to center exclusively around alleged acts and omissions of prison officials at the Forrest City facility in Arkansas. Thus, Plaintiff's choice of the Eastern District of Michigan is entitled to less deference.

It is apparent that the convenience of the witnesses factor weighs heavily in favor of transferring the action to the Eastern District of Arkansas. As noted above, Plaintiff's claims relate entirely to the acts and omissions of prison officials in Arkansas. These witnesses will likely play a key role in the development of the case. On the other hand, there are no peripheral witnesses located in Michigan, or in other parts of the country.

Furthermore, all the relevant documents, as well as the actual situs of the alleged events, are also located in the state of Arkansas. *See Liggett Group Inc., vs R.J. Reynolds Tobacco, Co.,* 102 F.Supp.2d 518, 528 (2000)(noting that court may consider "the possibility of a jury view of the premises" in deciding whether transfer is appropriate). It would also be less expensive and more efficient for the case to proceed in Arkansas, which has an interest in resolving this controversy in its home forum. Finally, the judges in the Eastern District of Arkansas will have a greater familiarity with Arkansas tort law than a judge sitting in Michigan. Thus, taken together, the pubic interest support the transfer of this case to Arkansas. Accordingly, I recommend that the instant matter should be

transferred to the Eastern District of Arkansas because all the relevant events transpired there, the witnesses and records are located there, and Arkansas law governs the case.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Zatkoff's acceptance thereof is waived.

                                          s/Donald A. Scheer
                                          DONALD A. SCHEER
                                          UNITED STATES MAGISTRATE JUDGE

DATED: August 27, 2009

_____

**CERTIFICATE OF SERVICE**

I hereby certify on August 27, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 27, 2009: **Alan King, Jr.**

                                          s/Michael E. Lang
                                          Deputy Clerk to
                                          Magistrate Judge Donald A. Scheer
                                          (313) 234-5217