IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

**ALAN R. KING, JR.**                                                             **PLAINTIFF**

**V.**                       **NO.: 2:09CV00163 JMM/HDY**

**UNITED STATES OF AMERICA**                                     **DEFENDANT**

<u>**BRIEF IN SUPPORT OF MOTION TO DISMISS**</u>

NOW COMES the United States of America ("Defendant"), by and through Jane W. Duke, United States Attorney for the Eastern District of Arkansas, and Jeffrey P. LaVicka, Assistant United States Attorney for said District, and respectfully brings this brief, as follows:

**I. Background**

Alan R. King, Jr. ("Plaintiff") is a federal inmate currently incarcerated at the Milan Federal Correctional Institution, located in the Eastern District of Michigan. *See* Docket Entry ("Doc.") # 2. He brings his Complaint pursuant to the Federal Tort Claims Act ("FTCA") and alleges he was assaulted by a federal corrections officer while he was incarcerated at the Forrest City Correctional Institution in Arkansas. *See* Doc. # 1.

Plaintiff alleges that "[i]n April of 2008[,] Officer Steven Melton kicked [Plaintiff] in the right leg for saying something that he didn't like." *Id.* He further alleges that in May of 2008, Officer Melton, upset with family issues, grabbed Plaintiff and "locked his arm in some sort of martial art position[,]" and during the same month grabbed the Plaintiff's "genital area[,]" on several occasions. *Id.* Plaintiff further alleges that Officer Melton referred to him (Plaintiff) as his "Bitch" or "Boo" and made other inappropriate comments. *Id.* Plaintiff seeks declaratory relief and $2,000,000.00. *See id.*

**II.    Plaintiff has failed to state an assault claim under the FTCA, and the Court lacks subject matter jurisdiction.**

Plaintiff's Complaint, alleging assault-related damages and brought under the FTCA, must be dismissed for failing to state a claim upon which relief can be granted and because this Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(6) and 12(b)(1), respectively. Even if accepted as true, Plaintiff's assault allegations fail to state any claim under the FTCA which would give this Court subject matter jurisdiction.

"The FTCA provides a limited waiver of sovereign immunity, allowing the United States to be held liable for torts committed by 'any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting 28 U.S.C. § 1346(b)). The FTCA excludes certain actions from the waiver and explicitly states the FTCA "shall not apply to . . . any claim arising out of assault, battery . . . *Provided*, [t]hat with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising . . . out of assault, battery . . .." 28 U.S.C. §§ 2680(a) and (h).

The exceptions for assault and battery claims arising against federal law enforcement officers[1] has been interpreted as being limited *exclusively* to those claims arising from and incident to a search, seizure, or arrest. *See Pooler v. Bradley*, 787 F.2d 868, 872 (3d Cir. 1986).

---

[1] Officer Melton, the BOP officer who allegedly assaulted Plaintiff, is deemed a federal law enforcement officer. *See Reed v. Reno*, 146 F.3d 392 (6th Cir. 1998) (holding that the definition of law enforcement officer includes BOP employees whose duties include, *inter alia*, frequent direct contact with prisoners, transporting prisoners, etc.).

*Pooler's* rationale is as follows:

> We read the 1974 amendment to section 2680(h) as addressing the problem of intentionally tortious conduct occurring in the course of the specified government activities. It is in the course of such activities that government agents come most directly in contact with members of the public. The government places them in such a position, thereby exposing the public to a risk that intentionally tortious conduct may occur. That Congress intended to deal only with conduct in the course of a search, a seizure, or an arrest is confirmed by the sparse legislative history of the 1974 amendment. The Senate Report on the amendment states that the proviso was enacted to provide a remedy against the United States in situations where law enforcement officers conduct "no-knock" raids or otherwise violate the fourth amendment.

*Id.* (citing to S. Rep. No. 588, 93d Cong., 2d Sess. 2-3 (1974), *reprinted in* 1974 U.S. Code Cong. & Ad. News 2789, 2790-91). A plaintiff fails to state a claim "falling with the proviso to section 2680(h) . . . [when] no federal officer is charged with a tort in the course of a search, a seizure, or an arrest." *Id.*

The United States Court of Appeals for the Third Circuit[2] has reaffirmed its reasoning in *Pooler*, in an unpublished opinion, and the United States Supreme Court recently denied certiori. *See Knight v. Kaminski*, 331 Fed. Appx. 901, 2009 WL 1497247, at *3 (3d Cir. 2009), *cert. denied*, 130 S.Ct. 522 (2009). In *Kaminski*, a federal prisoner brought an action alleging, *inter alia*, physical assault by federal officers, and the United States Court of Appeals for the Third Circuit affirmed the district court's dismissal of the assault claim brought under the FTCA because there was no nexus between the alleged assault and a federal officer's search, seizure, or arrest. *See id.*

In the case at bar, Plaintiff does not allege that any of the assaults occurred incident to a

---

[2]Defendants have not located any cases from the United States Court of Appeals for the Eighth Circuit where an FTCA claim arising out of assault or battery by a federal law enforcement officer was allowed to proceed without a nexus to a search, seizure, or arrest.

search, seizure, or arrest. The "FTCA provides a limited waiver of sovereign immunity[,]" and it may be appropriate to dismiss a case for lack of subject matter jurisdiction, based solely on the allegations set forth in a Complaint. *See Johnson*, 534 F.3d at 960-65 (upholding district court's dismissal of FTCA case alleging assault by an officer, incident to arrest, where plaintiff failed to establish subject matter jurisdiction). As Plaintiff has brought his Complaint pursuant to the FTCA and has failed to allege that any assault occurred incident to a search, seizure, or arrest by a federal law enforcement officer, he fails to establish that the United States has waived its immunity under the FTCA, and his assault-related FTCA claims must be dismissed for lack of subject matter jurisdiction.

**III.     Plaintiff's constitutional tort claims brought under the FTCA must be dismissed for lack of subject matter jurisdiction.**

In addition to assault allegations, Plaintiff alleges various constitutional violations under the FTCA. *See generally* Complaint, Doc. # 1. He alleges his "case is brought pursuant to 28 U.S.C. § section 2671 because Plaintiff (sic) constitutional rights were violated which caused him to suffer physical and emotional damages by a federal employee which the Federal Tort Claims Act prohibits." *Id.*, at ¶ 1. His constitutional tort claims brought under the FTCA include an allegation of cruel and unusual punishment under the 8th Amendment, *see id.*, at ¶ 29; an alleged violation of the Due Process Clause under the 14th Amendment, *see id.*, at ¶ 30; an allegation of deliberate indifference to medical needs under the 8th Amendment, *see id.*, at ¶ 31; an allegation that his rights were violated under the Equal Protection Clause of the 14th Amendment, *see id.*, at ¶ 32; and a general allegation of retaliation, *see id.*, at ¶ 33. He claims he has exhausted his administrative remedies with regard to his constitutional tort claims and

attaches his SF-95 FTCA tort claim form as an exhibit to his Complaint.  *See* Doc. # 1, Exhibit.

The United States Court of Appeals for the Eighth Circuit has made clear that a plaintiff may not seek umbrage under the FTCA for alleged constitutional violations.  *See Washington v. Drug Enforcement Admin.*, 183 F.3d 868, 873-74 (8th Cir. 1999) (affirming the district court's dismissal of the plaintiff's FTCA claims against law enforcement officers for constitutional torts allegedly committed during the execution of a search of their home).  The law enforcement officer exception to the FTCA applies "only with respect to those enumerated torts, *not* constitutional ones." *Id.*  As Plaintiff brings his constitutional tort allegations under the FTCA, and as sovereign immunity under the FTCA is not waived for constitutional tort claims, Plaintiff's constitutional tort claims must be dismissed for failing to state a claim which would give this Court subject matter jurisdiction under the FTCA.

**IV.  Conclusion**

WHEREFORE, as Plaintiff brings his Complaint pursuant to the FTCA and fails to allege that BOP Officer Melton's alleged assaults were incident to a search, seizure, or arrest, and as Plaintiff's constitutional tort allegations may not be brought under the FTCA, Defendant respectfully submits that the Complaint  must be dismissed for failing to state a claim which vests this Court with subject matter jurisdiction.

        Respectfully submitted,

        JANE W. DUKE
        UNITED STATES ATTORNEY

By:   /s/ Jeffrey P. LaVicka
       JEFFREY P. LA VICKA

        ASSISTANT U.S. ATTORNEY
        (AB # 2002079)
        P.O. Box 1229
        Little Rock, AR 72203
        (501) 340-2600
        jeff.lavicka@usdoj.gov

        ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system; and

I hereby certify that on January 8, 2010, I mailed the document by United States Postal Service to the following non CM/ECF participant:

Alan R. King, Jr., PRO SE
Reg. # 08297-028
Milan Federal Correctional Institution
Post Office Box 1000
Milan, MI 48160

        /s/ Jeffrey P. LaVicka
        JEFFREY P. LA VICKA
        ASSISTANT U.S. ATTORNEY