
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JAN 19 2010
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISON

ALAN R. King, JR, plaintiff

NO: 2:09 CV 00163 JMM / HDY

United STATES of America, defendant

BRIEF ON OPPOSITION OF DEFENDANTS MOTION TO DISMISS

Now Comes the plaintiff ALAN R. King, Jr, and respectfully brings this brief, as follows:

1. Defendants filed a motion to dismiss on the basis that plaintiff assault-related tort claims, brought under the Federal Tort Claims Act ("FTCA") must be dismissed for failing to state a claim which would vest this Court with subject matter jurisdiction.

Plaintiff would like to state that FTCA cases are usually governed by state law with a very important exception. The duty of the Bureau of prisons under federal statute is to (1) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the U.S, or held witnesses or otherwise. (2) provide for the protection, instruction, and discipline of all person charged with or convicted of offenses against the U.S. Violations of this duty are actionable under FTCA even if state law would not permit suit.

In presenting an FTCA claim a plaintiff must show (1.) that a duty was owed to him by a defendant (2) a negligent breach

was the proximate cause of the plaintiffs injury/loss. Mahler v. U.S. 196 F.Supp. 362.

U.S. remain immune from liability under 2680(a) of the FTCA, U.S.C.S 2680(a) for any claim based upon the exercise or performance or failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government, whether or not the discretion involved be abused. Dalehite v. U.S., 346 U.S 15, 97 L Ed, 1427, 73 S ct. 956 (1953) states that the language of section 2680(a) encompasses "the discretion of the executive or the administrator to act according to ones judgement of the best course." Id. at 34. It classified as falling within that section functions' where there is room for policy judgement and decision."

Gray, 712 F.2d at 507-08, also Wright, 719 F2d at 1034-36 addresses the interrelationship between the discretionary function exception and the intentional tort proviso. It holds that before suit may be maintained against the U.S. even for intentional tort falling within the proviso, the plaintiff must first clear the hurdle of the discretionary function exception. Thus suit can only be maintained if it is first shown that the government actor was not exercising discretion.

Federal prison guards like Melton do not possess discretion to commit such violations as constitutional rights and federal statutes.

2. Defendants other basis where that the plaintiff's assault-related tort claims fail to allege assaults committed by a federal law enforcement officer incident to a search, seizure, or arrest.

Plaintiff would like to state that the defendant is clearly

relying and basing their claim on Pooler v. Bradley, 787 F.2d 868, 872 (3d Cir 1986) and that the U.S. Court of Appeals for the Third Circuit reaffirmed its reasoning in Pooler.

Harris v. U.S. 677 F. Supp 403 show that the language of the proviso itself supports a construction contrary to that taken by the Third Circuit. It would have been an easy matter for Congress to have worded the proviso "That, with regard to acts or omissions of law enforcement officers of the U.S. Government occurring while such officers are executing searches, seizures, or arrest..." Such wording would have clearly limited the waiver of sovereign immunity as the Third Circuit has interpreted it. But congress did not so limit the proviso. Rather it provided that the Government waives sovereign immunity against liability for certain intentional torts committed by any of its agents who have the authority to execute searches, seize evidence, or make arrest. There is no limitation on the particular context in which the tort is committed. The only requirements are that the act complained of constitute one of the enumerated intentional torts, and that the officer committing the act fit the definition of "investigative or law enforcement officer".

Poolers case was dismissed because of discretionary functions.

Further support for the conclusion that Pooler construction is in error is found in dictum appearing in Carlson v. Green, 446, U.S. 14, 20, 64 L Ed. 2d 15, 100 S.Ct. 1468 (1980). In absence of a contrary expression from Congress, 2680(h) thus contemplates that victims of the kind of intentional wrongdoing like alleged in plaintiffs complaint shall have an action under FTCA against

the U.S. as well as a Bivens action against the individual official alleged to have infringed their constitutional rights.

Picariello v. Fenton 491 F.Supp. 1026, 1037 (MO PA 1980) Without specifically addressing Pooler question, holding that, where government concedes that Federal Prison employee allegedly committing assaults and battery were acting in the scope and court has jurisdiction to award damages.

3. Defendants also base motion on the fact that Plaintiff Constitutional claim may not be brought under FTCA.

Plaintiff has filed a request to amend complaint so that the constitutional claims would be filed under Bivens action 28 USCS 1331 against Prison guard Steven Melton in his individual capacity.

Wherefore, as Defendants files motion to Dismiss, Plaintiff respectfully oppose the defendants motion to Dismiss for the above stated reasons and ask this court not to dismiss the current proceedings and that they may continue. For this court do have subject jurisdiction.

Respectfully Submitted,

*Alan R. King*

Alan R. King, Jr. Pro. Se
#08297-028
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

<u>Certificate of Service</u>

I hereby certify that on January 13, 2010, I mailed the foregoing first class mail to Attorney of Defendant:

Jeffrey P. LaVicka
Assistant U.S. Attorney (AB# 2002029)
P.O. Box 1229
Little Rock, AR 72203

*Alan R. King*
Alan R. King Jr., Pro Se.