IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

**ALAN R. KING, JR.**                                                              **PLAINTIFF**

**V.**                         **2:09CV00163 JMM/HDY**

**UNITED STATES OF AMERICA**                                **DEFENDANT**

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
REQUEST TO AMEND COMPLAINT**

NOW COMES the United States of America ("Defendant"), by and through Jane W. Duke, United States Attorney for the Eastern District of Arkansas, and Jeffrey P. LaVicka, Assistant United States Attorney for said District, and respectfully brings this Response, as follows:

1. On July 9, 2009, Plaintiff filed his Complaint in the Eastern District of Michigan. *See* Document Entry ("Doc.") # 1.

2. On October 23, 2009, the United States District Court for the Eastern District of Michigan transferred the above-styled matter to the Eastern District of Arkansas. *See* Doc. # 7.

3. On January 8, 2010, Defendant filed a Motion to Dismiss and a Brief in Support of said Motion. *See* Doc. #s 17 and 18. Defendant's Motion to Dismiss is based on the fact that Plaintiff improperly brought his claims under the Federal Tort Claims Act ("FTCA"),[1] and the Court lacks subject matter jurisdiction over Plaintiff's claims brought under the FTCA.

---

[1] *See* Plaintiff's Complaint, Doc. # 1 ("This is a complaint for compensatory damages brought under 28 U.S.C. 2671, Federal Tort Claims Act[.]").

1

4. On January 19, 2010, Plaintiff, apparently realizing he can't bring his allegations against the defendant under the FTCA, filed a Request to Amend Complaint. *See* Doc. # 20. In his Request, Plaintiff states he "now realize[s] that these sort of claims cannot be brought under the FTCA and that the proper avenue for these sort of claims would be a Bivens action[.]" *Id.* at pg. 1.

5. "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998) (referring to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)).

6. Defendant has already filed a motion to dismiss, based on subject matter jurisdiction, and now Plaintiff seeks to substitute his original FTCA complaint with a *Bivens* complaint. A *Bivens* action is a very different cause of action than an FTCA action for several reasons. One of the most important differences between an FTCA suit and a *Bivens* action regards service of process. In a *Bivens* action, unlike in an FTCA action, the Plaintiff must effect service on the federal employee. *See* Fed. R. Civ. P. 4(i)(3) ("a party must serve the United States *and also* serve the officer or employee") (emphasis added).

7. When a federal employee (or former federal employee) is served with a complaint against him in his individual capacity, he may seek representation from the Department of Justice. *See generally* 28 C.F.R. § 50.15. Representation may or may not be granted following a thorough review of the complaint. *See id.*

8. Plaintiff is essentially attempting to convert his original complaint from an FTCA action into a *Bivens* suit, and his effort to do so would be, at the very least,[2] untimely because he has not effected the requisite service for a *Bivens* action, *supra*. If Plaintiff intended to file a *Bivens* action, then his complaint is subject to dismissal for failure to effect service in a timely manner. His complaint was originally filed on July 9, 2009, and his Request to Amend Complaint was filed on January 19, 2010, more than 180 days later. Plaintiff's Complaint is subject to dismissal for lack of proper service. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.") (underlining added).

9. If the Court allows Plaintiff to file an amended complaint, despite the untimeliness of Plaintiff's request, Defendant respectfully requests the Court require Plaintiff to: 1) file an amended complaint which explicitly states it is being brought exclusively as a *Bivens* action and specifies[3] the allegedly unconstitutional conduct and specifies which constitutional provision has been violated for each allegedly improper act, *i.e.*, 8th Amendment, 14th Amendment, *etc.*; and 2) require Plaintiff to serve Defendant as required under Fed. R. Civ. P.

---

[2]After a responsive pleading has been filed "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(1) and 15(a)(2).

[3]*See* Fed. R. Civ. P. 12(e) (requirements for a more definite statement).

  4(i)(3).[4]

  WHEREFORE, Defendant respectfully requests the Court deny Plaintiff's motion to amend his complaint, as untimely, and grant Defendant's previously filed Motion to Dismiss; however, if the Court denies such request for dismissal, then Defendant respectfully requests the Court order Plaintiff to file a new complaint, styled as a *Bivens* action, and providing the requisite specificity for the alleged unconstitutional conduct, effect proper service, and grant Defendant all appropriate relief to which it is entitled.

                 Respectfully submitted,

                 JANE W. DUKE
                 UNITED STATES ATTORNEY

            By: /s/ Jeffrey P. LaVicka
                 JEFFREY P. LA VICKA
                 ASSISTANT U.S. ATTORNEY
                 ABN 2002079
                 P.O. Box 1229
                 Little Rock, AR 72203
                 (501) 340-2600
                 jeff.lavicka@usdoj.gov

                 ATTORNEY FOR DEFENDANT

---

[4] Should the Court allow Plaintiff to file a new complaint, as a *Bivens* action, Defendant's responsive pleading will not be due for at least 60 days from the date of service on the federal employee being sued in his individual capacity. *See* Fed. R. Civ. P. 12(a)(3).

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 27, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system; and

      I hereby certify that on January 27, 2010, I mailed the document by United States Postal Service to the following non CM/ECF participant:

Alan R. King, Jr., PRO SE  
Reg. # 08297-028  
Milan Federal Correctional Institution  
Post Office Box 1000  
Milan, MI 48160

                                                           /s/ Jeffrey P. LaVicka  
                                                           JEFFREY P. LA VICKA  
                                                           ASSISTANT U.S. ATTORNEY