**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

ALAN R. KING, JR.                                                                                            PLAINTIFF
REG. #08297-028

V.                                      NO: 2:09CV00163 JMM/HDY

USA                                                                                                         DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff filed this complaint on July 9, 2009, alleging a cause of action under the Federal Tort Claims Act ("FTCA"). On January 8, 2010, Defendant USA filed a motion to dismiss, along with a brief in support (docket entries #17 & #18). Plaintiff filed a response on January 19, 2010 (docket entry #19). Also on January 19, 2010, Plaintiff filed a motion seeking to amend his complaint to name as a Defendant Steven Melton, and to clarify that he wishes to bring his claims pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Defendant USA has filed a response opposing Plaintiff's motion to amend (docket entry #21).

### I. Standard of review

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

According to Plaintiff's complaint, he was the victim of assaults, harassment, and extortion, by Melton, when he was held at the Federal Correctional Institution in Forrest City ("FCIFC"). Plaintiff also suggests that he was denied adequate medical care at FCIFC.

Citing *Pooler v. Bradley*, 787 F.2d 868, 872 (3rd Cir. 1986), Defendant USA asserts that a claim for assault may not be brought under the FTCA unless the claim arose from and incident to a search, seizure, or arrest. Defendant USA also contends that Plaintiff's constitutional torts are not cognizable in an FTCA action. Plaintiff apparently concedes that his claims are not appropriate for an FTCA action, as he has requested leave to amend his complaint to essentially convert this into a *Bivens* action, and name Melton as the Defendant.[1] Because it appears that Plaintiff's claims are

---

[1] In his motion to amend, Plaintiff wrote that he "now realize[s] that these sort of claims cannot be brought under FTCA, and that the proper avenue for these sort of claims would be a *Bivens* action" (docket entry #20).

inappropriate for an FTCA claim, and are more in the nature of a *Bivens* action, Defendant USA's motion to dismiss Plaintiff's FTCA claims should be granted, Plaintiff's motion to amend should be granted, and service should be ordered for Melton.

### III.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.   Defendant USA's motion to dismiss (docket entry #17) be GRANTED, Plaintiff's claims against the USA be DISMISSED WITH PREJUDICE, and the USA's name be removed as a party Defendant.

2.   Plaintiff's motion to amend (docket entry #20) be GRANTED, and the Clerk be directed to add the name of Steven Melton as a Defendant.

3.   Service be ordered for Defendant Steven Melton, and the United States Marshal be directed to serve a copy of the complaint (docket entry #1), amended complaint (docket entry #20), this order, and summons, upon Defendant Steven Melton, the United States Attorney General, and the United States Attorney for this district, without prepayment of fees and costs or security therefor.

DATED this   17   day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE