RECEIVED
MAIL ROOM
MAR - 1 2010
U.S. DISTRICT COURT
E. DIST. OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 01 2010

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

ALAN R. KING, JR.                                      PLAINTIFF
REG. #08297-038

V.                      NO: 2:09CV00163 JMM/HDY

USA                                                    DEFENDANT


## OBJECTION TO MAGISTRATE RECOMMENDATION

Comes now Alan R. King, Plaintiff, hereby makes the following objections and states the following in support of objections.

1.  I object to granting the defendant's motion to dismiss my claims against the USA with prejudice and the USA name being removed as a party defendant, and state the following legal and factual basis for the objection.

A)  Defendant USA citing Pooler v. Bradley, 787 F.2d 868, 872 (3rd Cir. 1986) asserts that a claim for assault may not be brought under the FTCA unless the claim arose from and incident to a search, seizure, or arrest.  Defendant's assertions are wrong and not factually true.  Citing Harris v. U.S., 677 F.Supp 403.  The provisions of this chapter and section 1346(b) of this title [waiving sovereign immunity] shall not apply to -

B)  Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process,

-1-

libel, slander, misrepresentation, deceit, or interference with
contract rights:  Provided, That, with regard to acts or omissions
of investigative or law enforcement officers of the United States
Government, the provisions of this chapter and section 1346(b)
of this title shall apply to any claim arising, on or after the
date of the enactment of this proviso, out of assault, battery,
false imprisonment, false arrest, abuse of process, or malicious
prosecution.  For the purpose of this subsection, "investigative
or law enforcement officer" means any officer of the United States
who is empowered by law to execute searches, to seize evidence,
or to make arrests for violations of federal law.  BOP Officers
are considered law enforcement officers.

   C)  In <u>Pooler</u>, the Third Circuit read the § 2680(h) proviso,
commonly called the intentional tort proviso," to waive sovereign
immunity for intentional torts committed by federal law enforce-
ment officers <u>only</u> when such torts occur during the course of
a search, a seizure, or an arrest.  The Court held that the com-
plaints before it did not "state claims falling within the proviso
to section 2680(h) because no federal officer is charged with
a tort in the course of a search, a seizure, or an arrest."
<u>Id</u>. at 872.

   D)  To reach this conclusion, the court seized upon portions
of the Senate Report on the legislation which added the proviso.
The Report notes that the legislation was proposed in response
to the "Collinsville raids," incidents in which federal agents,

acting in violation of the "no-knock" laws, forcibly entered
two houses, terrorizing the inhabitants, only to discover that
the [677 F.Supp 405] agents were at the wrong addresses.  See
S. Rep. No. 588, 93rd Cong., 2d Sess. (1974), reprinted in 1974
U.S. Code Cong. & Admin. News 2789, 2790.  While it is clear
from the Senate Report that the Collinsville raids were the impe-
tus for the legislation enacting the § 2680(h) proviso, it is
equally as clear that the Report expresses the intent that the
proviso not be limited to situations similar to the Collinsville
incidents:

E)  This whole matter was brought to the attention of the
Committee in the context of the Collinsville raids, where the
law enforcement abuses involved Fourth Amendment constitutional
torts. Therefore, the Committee amendment would submit the govern-
ment to liability whenever its agents act under color of law
so as to injure the public through searches and seizures that
are conducted without warrants or with warrants issued without
probable cause.  However, the Committee's amendment should not
be viewed as limited to constitutional tort situations but would
apply to any case in which a Federal law enforcement agent commit-
ted the tort while acting within the scope of his employment
or under color of federal law.

F)  The language of the proviso itself supports a construc-
tion contrary to that taken by the Third Circuit.  It would have
been an easy matter for Congress to have worded the proviso "That,

-3-

with regard to acts or omissions of law enforcement officers
of the United States Government occurring while such officers
are executing searches, seizures, or arrests ..." Such wording
would have clearly limited the waiver of sovereign immunity as
the Third Circuit has interpreted it. But Congress did not so
limit the proviso. Rather, it provided that the government waives
sovereign immunity against liability for certain intentional
torts committed by any of its agents who have the authority to
execute searches, seize evidence, or make arrests. There is
no limitation on the particular context in which the tort is
committed. The only requirements are that the act complained
of constitute one of the enumerated intentional torts, and that
the officer committing the act fit the definition of "investiga-
tive or law enforcement officer." Both requirements are satis-
fied here.

G) U.S. v. Muniz, 374 US 150, 165, 83 S.Ct 1850 (1963)
Supreme Court of the United States affirmed in an opinion by
Warrent C.H.J. expressing the views of eight members of the court.
It was held that government is liable for the negligent acts
of its employees causing personal injuries to federal prison
inmates.

H) Supreme Court noted that they need to determine what
Congress intended when it passed the FTCA in 1946. Congress
used neither intricate nor restrictive language in waiving the
Gov. Sovereign immunity. It gave the district courts jurisdic-

-4-

tion "of civil action" on claims against the U.S. for money dam-
ages, for ... personal injury ... caused by the negligent or
wrongful act or omission of any employee of the government while
acting in the scope of his office or employment, under circum-
stances where the U.S, if private person, would be liable to
the claimant.

I)  Supreme Court has said the proper objective of a court
attempting to construe one of the subsections of 2680 is to iden-
tify those circumstances which are within the words and reason
of the exception, no less and no more.  <u>Kosak v. U.S.</u>, (1984)
465 US 848, 79 L.Ed.2d 860, 104 S.Ct 1519.

J)  2680(h) does not bar tort claims based on the independent
negligence of the government.  <u>Sheridan v. U.S.</u>, 487 US 392.
In this case, the fact that law enforcement officer's behavior
is characterized as an intentional assault rather than a negli-
gent act is also quite irrelevant.  If the government has a duty
to prevent assaults on inmates in the BOP (according to 4042
Duties of Bureau of Prisons) it would be odd to assume that Con-
gress intended a breach of that duty.

2.  Plaintiff would like to bring to the court's attention
that the court mistakenly construed what Plaintiff stated in
Motion to Amend filed january 19, 2010. Plaintiff only wanted
the constitutional tort claims to be brought under Bivens and
Steven Melton named as the defendant in the Bivens action.  When

Plaintiff wrote that "he now realizes that these sort of claims cannot be brought under FTCA," he was referring to the constitutional tort claims stated in the complaint.

3.  Plaintiff clearly still wants to litigate against the USA under the FTCA for the assault and battery claims as well as the emotional and mental distress.

4.  Plaintiff only wants to amend complaint to bring the constitutional tort claims under Bivens against the officer, Steven Melton.

5.  Carlson v. Green (1980) 446 US 14, 64 L.Ed.2d 15, 100 S.Ct 1468; there the Supreme Court held that a person could litigate both under FTCA and Bivens if allegations support claim against the U.S. under FTCA and constitutional violations under Bivens against the law enforcement officers.

Wherefore, Plaintiff asks that the court deny the defendant's motion to dismiss and continue the litigation against the USA under the FTCA for the assault and battery claims as well as the emotional distress and that the constitutional tort claims in the complaint be brought under Bivens action against Officer Steven Melton in his individual capacity. Plaintiff has stated factual and legal reasonings why proceedings should continue as stated above. And grant any additional remedy the court feels to be just.

Respectfully submitted,

Alan R. King Jr., Plaintiff
08297-028
FCI Milan
P.O. Box 1000
Milan, MI  48160