## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

ALAN R. KING, JR.                                                                                          PLAINTIFF
REG. #08297-028

V.                                     NO: 2:09CV00163 JMM/HDY

USA                                                                                                        DEFENDANT

### ORDER

Plaintiff filed this complaint on July 9, 2009, alleging a cause of action under the Federal Tort Claims Act ("FTCA"), and naming as a Defendant only the USA.  Citing *Pooler v. Bradley*, 787 F.2d 868, 872 (3rd Cir. 1986), Defendant USA filed a motion to dismiss, asserting that claims of assault and battery against a law enforcement officer could not be brought under the FTCA, unless the claims arose from, and were incident to, a search, seizure, or arrest.

In his response, it appeared that Plaintiff agreed with Defendants' interpretation, and the undersigned recommended dismissing Plaintiff's FTCA claims, and allowing Plaintiff to amend his complaint to bring his claims against an individual correctional officer pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (docket entry #24).  Plaintiff objected, and clarified his position that the FCTA is appropriate for his claims against the United States.  On March 4, 2010, United States District Judge James M. Moody adopted the recommendations with respect to allowing Plaintiff to amend to include *Bivens* claims against the correctional officer, but referred Defendants' motion to dismiss to the undersigned for appropriate action.

Accordingly, the parties are directed to submit, no later than 30 days after the entry of this

1

order, briefs explaining their positions as to whether Plaintiff may bring a claim of assault and battery under the FTCA. Because, under the FTCA, the United States may be liable under circumstances where a private person would be liable in accordance with the law of the place where the act occurred, *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008), the parties should also address how Plaintiff's claim might be impacted by Arkansas law.

IT IS SO ORDERED this  16  day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE