IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

**ALAN R. KING, JR.**                                                                                **PLAINTIFF**

**V.**                          **2:09CV00163 JMM/HDY**

**UNITED STATES OF AMERICA and**                                  **DEFENDANTS**
**STEVEN MELTON**

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR LEAVE TO AMEND

NOW COMES the United States of America ("Defendant"), by and through Jane W. Duke, United States Attorney for the Eastern District of Arkansas, and Jeffrey P. LaVicka, Assistant United States Attorney for said District, and respectfully brings this Response, as follows:

1. On July 9, 2009, Plaintiff filed his Complaint in the Eastern District of Michigan. *See* Document Entry ("Doc.") # 1.

2. On October 23, 2009, the United States District Court for the Eastern District of Michigan transferred the above-styled matter to the Eastern District of Arkansas. *See* Doc. # 7.

3. On January 8, 2010, Defendant filed a Motion to Dismiss and a Brief in Support of said Motion. *See* Doc. #s 17 and 18. Defendant's Motion to Dismiss is based on the fact that Plaintiff improperly brought his claims under the Federal Tort Claims Act ("FTCA"),[1] and the Court lacks subject matter jurisdiction over

---

[1] *See* Plaintiff's Complaint, Doc. # 1 ("This is a complaint for compensatory damages brought under 28 U.S.C. 2671, Federal Tort Claims Act[.]").

1

        Plaintiff's claims brought under the FTCA.

4.    On January 19, 2010, Plaintiff filed a Request to Amend his Complaint. *See* Doc. # 20. In his Request, Plaintiff stated he "now realize[s] that these sort of claims cannot be brought under the FTCA and that the proper avenue for these sort of claims would be a Bivens action[.]" *Id.* at pg. 1.

5.    On January 27, 2010, Defendant filed a Response in Opposition to Plaintiff's Request to Amend his Complaint. *See* Doc. # 21. On February 17, 2010, the Magistrate Judge in charge of this case filed a Recommendation that the USA's Motion to Dismiss be granted, with prejudice, and that the USA's name be removed as a party defendant. *See* Doc. # 24. On March 1, 2010, Plaintiff filed an Objection to the Magistrate Judge's findings. *See* Doc. # 26. On March 4, 2010, the District Court remanded the case to the Magistrate Judge for an evaluation of Plaintiff's Objections and allowed Plaintiff to amend his Complaint to add Steven Melton as a defendant. *See* Doc. # 27.

6.    On March 16, 2010, the Magistrate Judge, citing *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008), ordered the parties to brief their positions regarding whether Plaintiff may bring a claim of assault and battery under the FTCA. *See* Doc. # 29.

7.    Following the Court's March 16, 2010 Order, Plaintiff again moved to amend his Complaint, on March 18, 2010, to "add the names of T.C. Outlaw (Warden of Forrest City FCI) and Eric Thompson (S.I.A. Lt. of Forrest City FCI), both in their individual capacity to that of Steven Melton." *See* Doc. # 31. Plaintiff offers no

Case 2:09-cv-00163-JMM-HDY   Document 36   Filed 03/25/10   Page 3 of 6

explanation for why he did not include these individuals in his original complaint, nor does he offer an explanation for why he did not include them in his first amended complaint.

8. "A *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998) (referring to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)).

9. Defendant has already filed a motion to dismiss, based on subject matter jurisdiction. A *Bivens* action is a very different cause of action than an FTCA action for several reasons. One of the most important differences between an FTCA suit and a *Bivens* action regards service of process. In a *Bivens* action, unlike in an FTCA action, the Plaintiff must effect service on the federal employee. *See* Fed. R. Civ. P. 4(i)(3) ("a party must serve the United States *and also* serve the officer or employee") (emphasis added).

10. When a federal employee (or former federal employee) is served with a complaint against him in his individual capacity, he may seek representation from the Department of Justice. *See generally* 28 C.F.R. § 50.15. Representation may or may not be granted following a thorough review of the complaint. *See id.* The defendant in an individual capacity suit has 60 days to respond to a Complaint, or 60 days from service on the United States Attorney, whichever is later. *See* Fed. R. Civ. P. 12(a)(3).

3

11. If Plaintiff intended to file a *Bivens* action, then his complaint is subject to dismissal for failure to effect service in a timely manner. His complaint was originally filed on July 9, 2009, and his first Request to Amend Complaint was filed on January 19, 2010, more than <u>180 days</u> later. Plaintiff's Complaint is subject to dismissal for lack of proper service. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within <u>120 days</u> after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.") (underlining added). On March 18, 2010, Plaintiff filed his Second Motion for Leave to Amend, <u>more than 240 days</u> after he filed his original Complaint, and after Defendant has already filed a potentially dispositive motion.[2] Plaintiff attempts to once again untimely add to/modify his theory of the case, and Defendant respectfully objects to another delay in resolution of this case.

12. If the Court allows Plaintiff to file his second amended complaint, despite the untimeliness of Plaintiff's request, Defendant respectfully requests the Court require Plaintiff to serve Defendant as required under Fed. R. Civ. P. 4(i)(3),[3] and require Plaintiff to file a substituted complaint, following resolution of the Court's Order, *see* Doc. # 29. Plaintiff has previously amended his complaint and is

---

[2]After a responsive pleading has been filed "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(1) and 15(a)(2).

[3]Defendant's responsive pleading will not be due for at least 60 days from the date of service on the federal employee being sued in his individual capacity. *See* Fed. R. Civ. P. 12(a)(3).

attempting to again add additional defendants and add to his theory of liability; therefore, a substituted complaint, following the Court's resolution of whether Plaintiff may prosecute his case under the FTCA, would substantially aid the Defendant in deciphering which of Plaintiff's issues are still pending.

WHEREFORE, as Defendant United States of America already has a pending motion to dismiss, and Plaintiff has not offered any explanation for why he failed to include the additional defendants in his original or first amended complaint, and for the foregoing reasons, Defendant respectfully objects to Plaintiff's second motion to amend his complaint.

        Respectfully submitted,

        JANE W. DUKE
        UNITED STATES ATTORNEY

By:   /s/ Jeffrey P. LaVicka
        JEFFREY P. LA VICKA
        ASSISTANT U.S. ATTORNEY
        ABN 2002079
        P.O. Box 1229
        Little Rock, AR 72203
        (501) 340-2600
        jeff.lavicka@usdoj.gov

        ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 25, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system; and

      I hereby certify that on March 25, 2010, I mailed the document by United States Postal Service to the following non CM/ECF participant:

Alan R. King, Jr., PRO SE
Reg. # 08297-028
Milan Federal Correctional Institution
Post Office Box 1000
Milan, MI 48160

                                                            /s/ Jeffrey P. LaVicka
                                                            JEFFREY P. LA VICKA
                                                            ASSISTANT U.S. ATTORNEY