RECEIVED
MAIL ROOM
MAR 25 2010
U.S. DISTRICT COURT
E. DIST. OF ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAR 25 2010
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

Alan R. King Jr, plaintiff

V.                                NO: 2:09 CV 00163 JMM/HDY

USA, defendant

## MOTION FOR APPOINTMENT OF COUNSEL

I, ALAN R. King Jr, declare that I am the plaintiff in the above entitled proceeding and state that I am unable to afford the services of an attorney, and hereby request to Court to appoint counsel and state the following in support of motion.

1. I declare that I have made attempts to retain counsel to represent me in this proceeding by sending out letters to no avail.

2. I have been granted to proceed IN Forma Pauperis and it is a true and correct representation of my financial status.

3. Do to the complexity of legal issues I am not able to litigate this case on my own. On March 16, 2010 the magistrate ordered that parties file briefs explaining their positions as to whether plaintiff may bring claim of assault and battery under the FTCA and that parties should also address how Plaintiff's claim might be impacted by Arkansas law.

4. I am not familiar or know anything about Arkansas law nor do I have access to it that would afford me the proper way to address my claim according to judge's order.

5. Citing Peterson v. Nadler 452 F.2d 754 (8th Cir), there exists no statutory or constitutional right for an indigent to have counsel

appointed in a civil case. This principle has been affirmed many times. Still, federal courts do possess the statutory power to make this appointment, if within the courts discretion the circumstances are such that would properly justify it. This right has been long recognized.

6. The 8th Cir Court of appeals stated "this court and other court of appeals regularly make these appointments in habeas corpus and Civil rights cases, in the overall interests of the proper administration of justice. Where plaintiff is admittedly an indigent, for obvious reasons he alone cannot investigate the case or hope to obtain evidence to prove allegations. The court will be aided by appearance of counsel at all proceedings. These type of circumstances fully justify the appointment of counsel to represent plaintiff and the failure to do so would amount to an abuse of discretion.

7. Plaintiff would bring to court attention that there are discovery and records that are not priviledged to plaintiff because of being a prison inmate and that there are restrictions to inmate access to files maintained by the F.B.O.P. Plaintiff feel that some of this information would be helpful and needed to comply with the judge's order dated March 16, 2010.

Wherefore, plaintiff ask that court to grant motion.

Respectfully Submitted,

Alan R. King Jr #08297-028
Terre Haute FCI-CAMP
P.O. Box 33
Terre Haute, IN 47808