FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 02 2010

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

Alan R. King, Jr, Plaintiff
#08297 028

V.                                   NO: 2:09 CV 00163 JMM/HDY

USA, Defendant

## APPEAL OF MAGISTRATE'S ORDER

Plaintiff appeals the order of Magistrate Judge on March 25, 2010 denying appointment of counsel. Plaintiff state the following to support his appeal.

1. On March 1, 2010 Plaintiff filed objections to the Magistrates findings. On March 4, 2010 District Court remanded the case to the Magistrate Judge for an evaluation of Plaintiffs Objections.

2. On March 16, 2010, the Magistrate Judge ordered parties to brief their positions regarding whether Plaintiff may bring a claim of assault and battery under FTCA and that the parties should also address how Plaintiffs claim might be impacted by Arkansas Law.

3. Plaintiff filed his third motion for Appointment of Counsel in light of the Magistrate Jude order on March 16, 2010.

4. On March 25, 2010 the Magistrate Judge denied Plaintiffs motion to Appoint Counsel citing that Plaintiffs motion offers no reason for the Court to believe counsel should be appointed.

5. Plaintiff would like to point out to the Court that

-1-

Appointment of Counsel is necessary and needed because in the Magistrates order March 16, 2010 he ask parties to file a brief regarding their positions and to address how Plaintiffs claim might be impacted by ARKANSAS LAW.

6. Plaintiff is at an unfair advantage because he does not know anything about ARKANSAS LAW nor does he have access to it.

7. Plaintiff only has access to Federal Law and not access to State Law specifically ARKANSAS. This clearly put plaintiff at an unfair disadvantage and cannot put together a brief as to the Magistrates order.

8. Plaintiff feel as though Magistrate has abused his discretion. Johnson v. Williams. 788 F.2d at 1323, Wiggins, 753 F.2d at 688 (8th Cir), District court abused discretion by failing to appoint counsel when circumstances warranted appointment.

9. Hahn v. McLey 737 F.2d 771 (8th Cir) (Per curiam) An indigent pro-se prison litigant who has met his burden of showing his complaint not to be frivolous pursuant to 28 USCS 195(d) should be appointed counsel where necessary.

10. The 8th Cir Court of appeals stated "this court and other court of appeals regularly make appointments of counsel in habeas and civil right cases, district courts throughout the country do the same, in the overall interest of the proper administration of justice.

11. Where Plaintiff is admittedly an indigent, for obvious reasons he alone cannot investigate the case or hope to

obtain evidence to prove his allegations. The court will be aided by appearance of Counsel at all proceedings. These type of circumstances fully justify the appointment of counsel to represent plaintiff and the failure to do so would amount to an abuse of discretion.

Wherefore Plaintiff prays that District Judge grant this appeal to the Magistrates order and grant Motion to Appoint Counsel.

Respectfully Submitted,

Alan R. King Jr.
#08297028
Terre Haute Camp
P.O. Box 33
Terre Haute, IN 47808

CERTIFICATE OF SERVICE

I certify that on March 31, 2010 a copy of motion to Extend Time and Appeal of Magistrates, Response of Opposition, was delivered to defendant Attorney via first class mail to.
Jeffrey P. La Vicka
P.O. Box 1229
Little Rock, AR 72203