**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

**ALAN R. KING, JR.**                                                                                    **PLAINTIFF**

**V.**                                        **2:09CV00163 JMM/HDY**

**UNITED STATES OF AMERICA and**                                                    **DEFENDANTS**
**STEVEN MELTON**

**DEFENDANT'S RESPONSE TO COURT'S ORDER
REGARDING FTCA APPLICABILITY**

NOW COMES the United States of America ("Defendant"), by and through Jane W.

Duke, United States Attorney for the Eastern District of Arkansas, and Jeffrey P. LaVicka,

Assistant United States Attorney for said District, and respectfully brings this Response, as

follows:

1.      On July 9, 2009, Plaintiff filed his Complaint in the Eastern District of Michigan.

        *See* Document Entry ("Doc.") # 1.

2.      On October 23, 2009, the United States District Court for the Eastern District of

        Michigan transferred the above-styled matter to the Eastern District of Arkansas.

        *See* Doc. # 7.

3.      On January 8, 2010, Defendant filed a Motion to Dismiss and a Brief in Support

        of said Motion.  *See* Doc. #s 17 and 18.  Defendant's Motion to Dismiss is based

        on the fact that Plaintiff improperly brought his claims under the Federal Tort

        Claims Act ("FTCA"),[1] and the Court lacks subject matter jurisdiction over

_____

[1]*See* Plaintiff's Complaint, Doc. # 1 ("This is a complaint for compensatory damages
brought under 28 U.S.C. 2671, Federal Tort Claims Act[.]").

1

Plaintiff's claims brought under the FTCA.

4.     On January 19, 2010, Plaintiff filed a Request to Amend Complaint.  *See* Doc. #
       20.  In his Request, Plaintiff states he "now realize[s] that these sort of claims
       cannot be brought under the FTCA and that the proper avenue for these sort of
       claims would be a Bivens action[.]"  *Id.* at pg. 1.

5.     On January 27, 2010, Defendant filed a Response in Opposition to Plaintiff's
       Request to Amend Complaint.  *See* Doc. # 21.  On February 17, 2010, the
       Magistrate Judge in charge of this case filed a Recommendation that the USA's
       Motion to Dismiss be granted, with prejudice and that the USA's name be
       removed as a party defendant.  *See* Doc. # 24.  On March 1, 2010, Plaintiff filed
       an Objection to the Magistrate Judge's findings.  *See* Doc. # 26.  On March 4,
       2010, the District Court remanded the case to the Magistrate Judge for an
       evaluation of Plaintiff's Objections and allowed Plaintiff to add Steven Melton as
       a defendant.  *See* Doc. # 27.

6.     On March 16, 2010, the Magistrate Judge, citing *Johnson v. United States*, 534
       F.3d 958, 962 (8th Cir. 2008), ordered the parties to brief their positions regarding
       whether Plaintiff may bring a claim of assault and battery under the FTCA.  *See*
       Doc. # 29.

7.     Defendant stands by its position that the rationale in *Pooler* precludes Plaintiff's
       FTCA claims for assault and battery and adds to its position in this response.  *See*
       Doc. # 18 (referring to *Pooler v. Bradley*, 787 F.2d 868, 872 (3d Cir. 1986), *cert.*
       *denied*, 479 U.S. 849 (1986).

8.      In addition to the rationale in *Pooler*, supra ¶ 7, there is another reason why

Plaintiff may not bring his claims for assault and battery under the FTCA.  "A

threshold requirement to establish jurisdiction under the FTCA is that the federal

employee must have been acting within the scope of his employment when the

tort was committed."  *Johnson*, 534 F.3d at 963.  "Scope of employment questions

are governed by the law of the state where the alleged tortious acts took place[.]"

*Id.*

9.      Under Arkansas law, "[t]he scope of employment includes acts done with the

object and purpose of the enterprise and not acts that are strictly personal."

*Costner v. Adams*, 82 Ark. App. 148, 154 (Ark. Ct. App. 2003).  The Arkansas

Court of Appeals has further stated that:

In *Regions Bank & Trust v. Stone Country Skilled Nursing Facility, Inc.*, 345
Ark. 555, 49 S.W.3d 107 (2001), the supreme court held that a nursing home
was not liable under the theory of respondeat superior for a nursing
assistant's sexual assault of a patient.  Following *Porter v. Harshfield*, [] the
court held that the nursing assistant was not, "by any stretch of the
imagination, acting within the scope of his duties" when he assaulted the
patient, even though his job duties included bathing her. 345 Ark. at 567, 49
S.W.3d at 115.  Describing the nursing assistant's actions as "purely
personal," the court held that they were not expectable in view of his duties
as a nursing assistant. *Id.*

*Id.*

10.     Plaintiff alleges that a federal Bureau of Prisons employee kicked him for "saying

something to the officer that he didn't like."  Doc. # 1, ¶ 4.  Plaintiff further

alleges the same officer "upset from family problems . . . grabbed the plaintiff and

locked his arm in some sort of martial art position."  *Id.*, ¶ 6.  Plaintiff also alleges

3

sexual assault and extortion at the hands of the same BOP officer.  *See id.*, ¶¶ 8-16.  It cannot be said that a BOP officer is operating within the scope of his employment, "by any stretch of the imagination," especially under Arkansas law, when he allegedly sexually assaults an inmate, allegedly attempts to extort money from an inmate, or when he allegedly otherwise assaults an inmate for personal reasons.  The BOP officer named in the complaint was not operating within the scope of his employment, under Arkansas law, when he allegedly committed the assault and battery, and Plaintiff may not seek relief against Defendant under the FTCA.

WHEREFORE, Defendant respectfully submits this Response pursuant to the Court's March 16, 2010 Order, *see* Doc. # 29.

Respectfully submitted,

JANE W. DUKE
UNITED STATES ATTORNEY

By:     /s/ Jeffrey P. LaVicka
        JEFFREY P. LA VICKA
        ASSISTANT U.S. ATTORNEY
        ABN 2002079
        P.O. Box 1229
        Little Rock, AR 72203
        (501) 340-2600
        jeff.lavicka@usdoj.gov

        ATTORNEY FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system; and

I hereby certify that on April 7, 2010, I mailed the document by United States Postal Service to the following non CM/ECF participant:

Alan R. King, Jr., PRO SE
Reg. # 08297-028
Terre Haute FCI-Camp
P.O. Box 33
Terre Haute, IN 47808

/s/ Jeffrey P. LaVicka
JEFFREY P. LA VICKA
ASSISTANT U.S. ATTORNEY