RECEIVED
MAIL ROOM
APR 1 6 2010
U.S. DISTRICT COURT
E. DIST. ARKANSAS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

Alan R. King Jr, plaintiff

v.

No: 2:09 CV 00163 JMM/HDY

USA, defendant

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 1 6 2010
JAMES W. McCORMACK, CLERK
By:

## Plaintiff's Response To Court's Order Regarding FTCA Applicability

Now comes Alan R. King Jr (plaintiff) and respectfully brings this response, as follows:

1. On July 9, 2009, Plaintiff filed Complaint in Eastern District of Michigan.

2. On October 23, 2009, the U.S. District Court for Eastern District of Michigan transferred matter to Eastern District of Arkansas.

3. On January 8, 2010, Defendant filed Motion to Dismiss and a brief in support of said Motion. Defendant's Motion to Dismiss is based on the fact that Plaintiff improperly brought claims under FTCA.

4. On January 19, 2010, Plaintiff filed a Request to Amend Complaint.

5. On January 27, 2010, Defendant filed a Response in Opposition to Plaintiff's Request to Amend Complaint. On February 17, 2010, the Magistrate Judge in charge of this case filed a Recommendation that the USA's motion to Dismiss be granted, with prejudice and that the USA's name be removed as a party defendant. On March 1, 2010, Plaintiff filed an Objection to the Magistrates findings. On March 4, 2010, the District Court remanded the case to the Magistrate Judge for an evaluation of Plaintiff's Objections and allowed Plaintiff to add Steven Melton as a defendant.

-1-

6. On March 16, 2010, the Magistrate Judge, citing Johnson v. U.S, 534 F.3d 958, 962 (8th Cir. 2008), ordered the parties to brief their positions regarding whether Plaintiff may bring a claim of assault and battery under FTCA.

7. On March 18, 2010, Plaintiff filed Motion for Leave to Amend his complaint to add the names of T.C. Outlaw (Warden) and Eric Thompson (S.I.A).

8. On March 25, 2010, Defendant USA filed Response in Opposition to Plaintiffs Second Motion For Leave To Amend.

9. On April 7, 2010 granted Motion for Leave to Amend and added the names of T.C. Outlaw and Eric Thompson.

10. Plaintiff stands by its position that the Defendants rationale in Pooler is wrong. Defendant USA citing Pooler asserts that a claim for assault may not be brought under FTCA unless the claim arose from and incident to a search, seizure, or arrest. Defendants assertions are wrong and not factually true.

11. Plaintiff stands by its Objections and assertions made in his objections filed on March 1, 2010 as to why the court has jurisdiction for his claim under FTCA and would ask the court to reference those objections in support of this brief.

12. Under FTCA a threshold requirement to establish jurisdiction is that federal employee must have been acting within the scope of his employment when tort was committed. "Scope of employment questions are governed by the law of the state where the alleged tortious acts took place.

13. Under Arkansas Law, an employee acts within the scope of employment when he acts for his employers benefit or furthers his employers interest.

14. Under Arkansas Law, Respondent Superior, the Absolute

liability in Arkansas, master is held liable for the negligence of his servant even though the master himself is guilty of no breach of care. Under Respondeat Superior, the act committed by the employee must be one which is foreseeable.

15. Under Arkansas Law the government if a private person would be liable for negligence. Arkansas Law is essentially the same as the federal Law.

16. When Plaintiff first reported the tortious acts to the S.I.S department of the Institution they had a duty to follow the protocol on matters like this. Under B.O.P. program statement 1210.24 Internal Affairs, if an inmate alleges physical or sexual abuse by a staff member and has not received a medical examination, the CEO must arrange an immediate confidential medical examination and forward on to appropriate office. The CEO also should have removed Plaintiff immediately from compound and from around the officer accused of the tortious acts. Instead the S.I.S. Lt Eric Thompson and the Warden T.C. Outlaw made the decision to place plaintiff back on compound and further subjected the Plaintiff to more abuse and emotional distress.

17. Eric Thompson and T.C Outlaw were clearly acting in the scope of their employment according to Arkansas Law and Federal Law. It was their negligent acts that caused the plaintiff to continue to be abused. Eric Thompson and T.C Outlaw had already involved the O.I.G.'s office which were aware of the abuse of the federal officer yet and still they all placed the Plaintiff back in harms way. As a result the Plaintiff received tortious acts upon him.

18. Under FTCA there are 6 requirements that a court will need to find to find the government liable.

(1). Claim must be for money.

(2). Personal Injury.

(3) caused by negligent or wrongful act

(4) Federal Government Employee

(5) Acting within the Scope of his or her employment

(6) In circumstances where a private person would be liable under law

A. Eric Thompson was the S.I.A. Lt, and T.C. Outlaw was the Warden they were acting in the scope of their employment when they made the call to place Plaintiff back in the presence of the Federal Officer already reported of abusing him. They were acting in further benefit of their employer U.S.A by allowing me to stay on the compound around the Federal officer to not jeopardize their investigation.

20. Sheridan V. U.S 487 US 392, 101 LEO 2D 352 Supreme court held that the 2680 (h) assault -or- battery exception did not bar FTCA liability on claim, because (1) the exception was inapplicable to torts that fell outside the scope of the FTCA's general waiver of immunity; (2) The tortious conduct of officers not acting within the scope of his office or employment, did not in itself give rise to Federal Government liability, whether that conduct was intentional or merely negligent, (3) Where federal Government allegedly, through BOP policy to remove the officer known for the assaults, or remove alleged victim, assumed responsibility that the negligence of other government employees who allowed a foreseeable assault or battery to occur might furnish a basis for liability that was entirely independent of officers employment status, (4) if the Government had the duty to prevent a foreseeably dangerous individual from wandering about it was irrelevant that the behavior was characterized as an intentional assault rather than a negligent act.

Kennedy J concurring judgment found that 2680(h) did not bar tort claims based upon the independent negligence of the Federal Government.

21. Tort Claim Act can be invoked "only on a negligent or wrongful act or omission of an employee".

22. Under Arkansas Law "in order to prevail on a claim of negligence, the plaintiff must prove that Defendant owed a duty to the plaintiff, that the Defendant breached the duty and that the breach was the proximate cause of Plaintiff's injuries". Fordyce Bank v Bean Timberland, 369 ARK, 90, 94, 251, S.W. 3d 267

23. Defendant owed Plaintiff a duty under 18 USCS 4042 (Duties of BOP) to have management of institutions, provide for the safekeeping of Plaintiff, provide for the protection of Plaintiff. Defendants breached that duty when they were made aware of the assaults of the officer but yet made the decision to send inmate back to the situation with the officer to assault him and cause intentional emotional and mental distress. As result Plaintiff suffered injuries.

24. Plaintiff believes that as discovery is obtained that it would further support his claim under FTCA against the U.S.A. Under Rule 56(F) for requesting discovery, the information in the discovery would show genuine issue of material fact.

25. The Federal Employee's T.C. Outlaw and Eric Thompson were acting in the scope of their employment under Arkansas Law and Federal which their negligence caused the tortious acts to be done on Plaintiff by BOP officer Melton. For this Plaintiff Claim against U.S.A under FTCA can proceed.

Wherefore, Plaintiff respectfully submits this Response pursuant to the Court's March 16, 2010 Order.

Respectfully Submitted,

Alan Ril⟨⟩ #08297028

Plaintiff,

Alan R. King Jr.
#08297-028
Terre Haute FCI-CAMP

P.O. Box 33

Terre Haute, IN 47808

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2010, I mailed the document by United States Postal Service to:

Jeffrey P. LaVicka, ATTY FOR DEFENDANT

Asst. U.S. Attorney

P.O. Box 1229

Little Rock, AR 72203

Alan R. King Jr.
Alan R. King Jr.  #08297-028
Plaintiff