UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

Alan R. King Jr., Plaintiff

v.          CASE NO: 2:09 CV 00163 JMM/HDY

United States of America; Defendants
Steven Melton; T.C. Outlaw; and
Eric Thompson

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 23 2010
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

## Plaintiff's Reply to Defendants Response to Court's Order Regarding FTCA Applicability

Now Comes Alan R. King Jr. ("Plaintiff"), and respectfully brings this Reply, as follows:

1. On March 18, 2010, Plaintiff filed a Motion for Leave to Amend to add T.C. Outlaw and Eric Thompson as Defendants, in their individual capacity, regarding "constitutional tort claims of deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment of the U.S. Constitution.

2. On March 16, 2010, the Magistrate Judge, citing Johnson v. U.S., 534 F.3d 958, 962 (8th Cir 2008), Ordered the parties to brief their positions regarding whether Plaintiff may bring a claim of assault and battery under the Federal Tort Claim Act.

3. On April 7, 2010, the Court granted Plaintiff's Motion to amend his Complaint to add T.C. Outlaw and Eric Thompson as individual Defendants.

4. On April 7, 2010, Defendant filed a Response, pursuant to the Court's March 16, 2010 Order, regarding the applicability of the FTCA to plaintiffs claims.

5. On April 16, 2010, Plaintiff filed his Response to the Court's Order regarding FTCA applicability.

-1-

6. On April 19, 2010 Defendant filed Reply to Plaintiff's Response to Court Order Regarding FTCA Applicability. Defendant alleges that the ("Plaintiff's Response to the Court Order regarding FTCA Applicability") Plaintiff is alleging his claims against recently-added defendants T.C. Outlaw and Eric Thompsons constitutional claims are applicable to the FTCA. Defendant is incorrect of this assumption for the following reasons.

7. Plaintiff knows and understand that constitutional tort claims cannot be litigated under FTCA and are litigated under Bivens Action.

8. Plaintiff was simply stating why his Claim against the U.S.A is applicable under FTCA because of the negligent acts of it's employee T.C. Outlaw and Eric Thompson which caused the Plaintiff to be assaulted and emotional distress. The federal officers T.C. Outlaw and Eric Thompson were acting in the scope of their employment when their negligent acts caused the Plaintiff to further be assaulted.

9. Under the FTCA the U.S. can be held liable for these negligent acts while acting in the scope of their employment because their negligent acts were the cause of the tortious acts upon the Plaintiff.

10. Under Arkansas Law of Respondeat Superior the government is liable when the negligent acts are foreseeable and they do nothing and it causes the tortious acts.

11. Defendants makes no objection to this claim.

12. Plaintiff citing Carlson v. Green, 446, U.S. 14, 20, 64 L.Ed. 2d15, state that a Bivens-type action could be maintained against a prison official who allegedly violated a prisoners Eight Amendment rights, etc, as well as a complaint

under FTCA against the U.S. So plaintiff should be able to litigate both FTCA claim against U.S. and Bivens type against the individual for constitutional violations.

Respectfully Submitted,

Alan Ritz #08297028

Terre Haute FCI-Camp

P.O. Box 33

Terre Haute, IN 47808

## Certificate of Service

I hereby certify on April 20, 2010, I mailed the document by United States Postal Service to the following:

Jeffrey P. La Vicka

Assistant U.S. Attorney

P.O. Box 1229

Little Rock, AR 72203