**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

ALAN R. KING, JR.                                                                                          PLAINTIFF
REG. #08297-028

V.                                         NO: 2:09CV00163 JMM/HDY

USA                                                                                                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following partial recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff filed this complaint on July 9, 2009, pursuant to the Federal Tort Claims Act ("FTCA"), wherein he alleged that he was the victim of assault and battery by Stephen Melton, a prison guard at the Federal Correctional Institution in Forrest City. On January 8, 2010, Defendant USA filed a motion to dismiss, along with a brief in support (docket entries #17 & #18). Plaintiff initially responded to that motion on January 19, 2010, and appeared to agree that his claims were not appropriate for an FTCA action (docket entry #19). Also on January 19, 2010, Plaintiff filed a motion seeking to amend his complaint to name Melton as a Defendant, and to add claims pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). On February 17, 2010, the undersigned recommended granting the motion to dismiss Plaintiff's FTCA claims against Defendant USA, and allowing Plaintiff to amend to add Melton as a Defendant (docket entry #24).

On March 1, 2010, Plaintiff filed an objection to that recommendation, asserting that his

claims are appropriate, and that his FTCA claims against Defendant USA should not be dismissed (docket entry #26). On March 4, 2010, United States District Judge James M. Moody adopted the recommendation in part, and allowed Plaintiff to add Melton as a Defendant, but referred the motion to dismiss back to the undersigned for appropriate action. In light of Plaintiff's objections, the parties were ordered to file briefs explaining their position as to whether an assault and battery claim could be brought against a prison guard under the FTCA (docket entry #29). Plaintiff and Defendant USA have filed responses (docket entries #46 & #58), Defendant USA filed a reply to Plaintiff's response (docket entry #59), and Plaintiff filed a response to Defendant USA' reply (docket entry #62).

## I. Standard of review

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However,

such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

The FTCA provides a limited waiver of sovereign immunity, allowing the United States to be held liable under circumstances where a private person would be liable in accordance with the law of the place where the act occurred. *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008). The FTCA excludes certain actions from the waiver, including assault and battery, but provides that "with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter, and section 1346(b) of this title shall apply to any claim arising...out of assault, battery..." 28 U.S.C. § 2680(h).[1]

According to the USA's motion to dismiss, as set forth in *Pooler v. Bradley*, 787 F.2d 868, 872 (3rd Cir. 1986), Plaintiff may not bring an assault and battery claim against a prison guard under the FTCA unless the claim arose from and incident to a search, seizure, or arrest. Although Plaintiff's FTCA claims would be precluded under *Pooler*, the holding in *Pooler* is not universally accepted, *see Reynolds v. United States*, 549 F.3d 1108, 1114 (7th Cir. 2008) (disagreeing with *Pooler*), and Defendant USA has cited no authority from the United States Court of Appeals for the Eighth Circuit which demonstrates acceptance of the holding in *Pooler*. In light of the fact that a plain reading of § 2680(h) reveals no limitation on the circumstances when assault and battery claims may be brought against a law enforcement officer, the undersigned believes that Defendant USA has not demonstrated that it is entitled to dismissal of Plaintiff's FTCA claims, and the motion to dismiss should be denied.

---

[1] There is no dispute that Melton is a federal law enforcement officer as defined by the FTCA.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT Defendant USA's motion to dismiss (docket entry #17) be DENIED.

DATED this   21   day of May, 2010.

                                                      UNITED STATES MAGISTRATE JUDGE