IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

**ALAN R. KING, JR.**                                                                                           **PLAINTIFF**

**V.**                           **2:09CV00163 JMM/HDY**

**UNITED STATES OF AMERICA** *et al.*                                         **DEFENDANTS**

**OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS
FILED BY SEPARATE DEFENDANT USA**

NOW COMES the United States of America ("Defendant"), by and through Jane W. Duke, United States Attorney for the Eastern District of Arkansas, and Jeffrey P. LaVicka, Assistant United States Attorney for said District, and respectfully Objects, as follows:

1. On January 8, 2010, Defendant filed a Motion to Dismiss and a Brief in Support of said Motion. *See* Doc. #s 17 and 18. Defendant's Motion to Dismiss is based on the fact that Plaintiff improperly brought his claims under the Federal Tort Claims Act ("FTCA"),[1] and the Court lacks subject matter jurisdiction over Plaintiff's claims brought under the FTCA.

2. On March 16, 2010, the Magistrate Judge, citing *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008), Ordered the parties to brief their positions regarding whether Plaintiff may bring a claim of assault and battery under the FTCA. *See* Doc. # 29.

3. The Magistrate Judge addressed and declined to accept Defendant's argument that

---

[1] *See* Plaintiff's Complaint, Doc. # 1 ("This is a complaint for compensatory damages brought under 28 U.S.C. 2671, Federal Tort Claims Act[.]").

*Pooler*[2] precludes Plaintiff's FTCA claims for assault and battery, but the Magistrate Judge does not appear to have addressed the scope of employment issue regarding subject matter jurisdiction. *See* Doc. # 68.

4. The scope of employment issue, with regard to subject matter jurisdiction under the FTCA, does not appear to have been addressed by the Magistrate Judge; specifically, Plaintiff may not bring his claims for assault and battery under the FTCA because defendant Steven Melton (former prison officer) was not operating within the scope of this employment when he allegedly assaulted Plaintiff. *See* Doc. # 46, pgs. 3-4 (Defendant's Response to Court's Order Regarding FTCA Applicability). "A threshold requirement to establish jurisdiction under the FTCA is that the federal employee must have been acting within the scope of his employment when the tort was committed." *Johnson*, 534 F.3d at 963. "Scope of employment questions are governed by the law of the state where the alleged tortious acts took place[.]" *Id.*

5. Under Arkansas law, "[t]he scope of employment includes acts done with the object and purpose of the enterprise and not acts that are strictly personal." *Costner v. Adams*, 82 Ark. App. 148, 154 (Ark. Ct. App. 2003). The Arkansas Court of Appeals has addressed the scope of employment issue:

In *Regions Bank & Trust v. Stone Country Skilled Nursing Facility, Inc.*, 345 Ark. 555, 49 S.W.3d 107 (2001), the supreme court held that a nursing home was not liable under the theory of respondeat superior for a nursing assistant's sexual assault of a patient. Following *Porter v. Harshfield*, [] the

---

[2]*See Pooler v. Bradley*, 787 F.2d 868, 872 (3d Cir. 1986), *cert. denied*, 479 U.S. 849 (1986).

court held that the nursing assistant was not, "by any stretch of the imagination, acting within the scope of his duties" when he assaulted the patient, even though his job duties included bathing her. 345 Ark. at 567, 49 S.W.3d at 115. Describing the nursing assistant's actions as "purely personal," the court held that they were not expectable in view of his duties as a nursing assistant. *Id.*

*Id.*

6. Plaintiff alleges that a federal Bureau of Prisons employee kicked him for "saying something to the officer that he didn't like." Doc. # 1, ¶ 4. Plaintiff further alleges the same officer "upset from family problems . . . grabbed the plaintiff and locked his arm in some sort of martial art position." *Id.*, ¶ 6. Plaintiff also alleges sexual assault and extortion at the hands of the same BOP officer. *See id.*, ¶¶ 8-16. It cannot be said that a BOP officer is operating within the scope of his employment, "by any stretch of the imagination," especially under Arkansas law, when he allegedly sexually assaults an inmate, allegedly attempts to extort money from an inmate, or when he allegedly otherwise assaults an inmate for personal reasons. The BOP officer named in the complaint was not operating within the scope of his employment, under Arkansas law, when he allegedly committed the assault and battery, and Plaintiff may not appeal to the theory of *respondeat superior* to seek FTCA relief against Defendant USA, *supra Costner*, 82 Ark. App. at 154.

7. The Magistrate Judge does not appear to have addressed the scope of employment issue in the Proposed Findings, and separate Defendant USA respectfully requests the Court remand for consideration of this jurisdictional issue. *See* Doc. # 68.

WHEREFORE, separate Defendant United States of America respectfully objects to the Magistrate Judge's Proposed Findings, and respectfully requests the Court remand the Proposed Findings for consideration of the scope of employment issue, which precludes the FTCA's applicability in this case and deprives the Court of subject matter jurisdiction over the claims against Defendant USA.

Respectfully submitted,

JANE W. DUKE
UNITED STATES ATTORNEY

By:   /s/ Jeffrey P. LaVicka
JEFFREY P. LA VICKA
ASSISTANT U.S. ATTORNEY
ABN 2002079
P.O. Box 1229
Little Rock, AR 72203
(501) 340-2600
jeff.lavicka@usdoj.gov

ATTORNEY FOR DEFENDANT USA

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 3, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which shall send notification of such filing to the following:

Louis A. Etoch, Attorney
727 Cherry Street
Helena, AR 72342
E-mail: louis@etochlaw.com

      I hereby certify that on June 3, 2010, I mailed the document by United States Postal Service to the following non CM/ECF participant:

Alan R. King, Jr., PRO SE
Reg. # 08297-028
Terre Haute FCI-Camp
P.O. Box 33
Terre Haute, IN 47808

                                                /s/ Jeffrey P. LaVicka
                                                JEFFREY P. LA VICKA
                                                ASSISTANT U.S. ATTORNEY