RECEIVED MAIL ROOM JUN 10 2010 U.S. DISTRICT COURT E. DIST. OF ARKANSAS

FILED U.S. DISTRICT COURT EASTERN DISTRICT ARKANSAS JUN 10 2010 JAMES W. McCORMACK, CLERK BY: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

Alan R. King Jr, Plaintiff

V. NO: 2:09 CV 00163 JMM/HDY

U.S.A., Defendant

Plaintiff Reponse to Defendants Objection to
<u>Magistrates Report and Recommendations</u>

Now Comes Alan R. King Jr (Plaintiff) and respectfully brings this response to Defendants Objection to Magistrates Report and Recommendations, as follows.

1. On January 8, 2010, Defendant filed Motion to Dismiss and a Brief in Support of said motion.

2. On March 16, 2010, the Magistrate Judge ordered the parties to brief their positions regarding whether Plaintiff may bring a claim of assault and battery under the FTCA.

3. The Magistrate Judge On May 21, 2010 filed a Report and Recommendation to deny the Defendants Motion to dismiss.

4. Plaintiff feels that Defendant is once again trying to delay litigation of the FTCA claim against the U.S.

5. Such a delay would be unnecessary.

6. Defendant now state that the Magistrate Judge did not address the scope of employment issue regarding subject matter jurisdiction.

7. On March 4, 2010 District Judge James M. Moody adopted Recommendation to amend Plaintiff Claim to add claim under Bivens against Officer Melton

-1-

and remanded Defendants motion to dismiss back to Magistrate Judge for appropriate action.

8. The order by Magistrate Judge for parties to file briefs "explaining positions as to whether Plaintiff may bring claim of assault and battery under the FTCA and to address how Plaintiffs Claim might be impacted by Arkansas Law.

9. The order never stated that we had to brief issues regarding scope of employment.

10. Plaintiff further state that Defendants Motion to Dismiss never stated any grounds for dismissal regarding scope of employment issues.

11. Only issues addressed were that court didn't have jurisdiction because Defendant was citing Pooler. And that Plaintiff Constitutional claims could not be brought under FTCA.

12. The Constitutional issues were resolved when court allowed Plaintiff to amend complaint to add Biven claim for the constitutional tort claims.

13. The issue regarding jurisdiction citing Pooler has been addressed as well and determined by the Magistrate Judge that they don't apply to this case so therefore Defendants Motion to Dismiss should be denied.

14. Allowing the defendant to state another claim for dismissal regarding scope of employment would be time barred according to the Civil Rules of Procedure.

15. It should be further noted that Defendant already addressed these same concerns in their brief regarding

-2-

the FTCA applicability. So the record has already been established before the Magistrate Judge and Defendants arguments have already been considered by the Magistrate Judge in its entirety which produced the Report and Recommendation ordered May 21, 2010.

16. The District Judge reviews the Magistrate Judge Report De Novo and for clear errors of application of the laws. There hasn't been any errors here with the Magistrate Report and Recommendation.

17. As to Scope of employment pursuant to the FTCA Questions are indeed governed by the law of the State where alleged tortious acts took place. Under Arkansas Law, Respondeat Superior, the Absolute liability in Arkansas, Master is held liable for the negligence of his servant even though the Master himself is guilty of no breach of care. Under Respondeat Superior, the act committed by the employee must be a foreseeable one.

18. Plaintiff state that the S.I.S. Lt. and Warden of the facility were made aware of officer Meltons actions and tortious acts and yet they still allowed Plaintiff to be in the presence of the Officer to continue to committ tortious acts on Plaintiff.

19. Under Arkansas Law the government if a private person would be liable for negligence.

20. Eric Thompson and T.C. Outlaw were clearly acting in the Scope of their employment according to Arkansas Law and Federal Law.

21. As further develope of this litigation is developed all of these issues will be addressed more definitely.

-3-

22. The Federal Employees T.C. Outlaw and Eric Thompson were acting in the scope of their employment under Arkansas Law which their negligent acts caused the tortious acts to be done on Plaintiff by B.O.P. officer Melton. U.S. v. Muniz, 374 US 150, 83 S.Ct 1850 Supreme Court of U.S affirmed in an opinion by Warren C.H.J. expressing views of 8 members of the court that government is liable for the negligent acts of its employees causing injuries to federal prison inmates.

23. Plaintiff still stands by brief filed in accordance with the Order regarding FTCA applicability and the objections filed March 1, 2010 and would refer the court back to them.

Wherefore Plaintiff ask that Defendants Objections to Magistrate Judge R+R be denied and that the District Judge adopt the Report and Recommendation in its entirety so that proceedings can go on as necessary according to the rules of the Civ. Procedure. Because consideration to scope of employment issues have already been given.

Respectfully Submitted,

*Alan R. King*

Alan R. King Jr. #08297-028
Terre Haute FPC-Camp
P.O. Box 33
Terre Haute, IN 47808

Certificate of Service.

I hereby certify that on June 8, 2010, I mailed these documents by U.S. Postal Service to Jeffrey P. LaVicka, P.O. Box 1229, Little Rock, AR 72203, and Louis Etoch, 727 Cherry St., Helena, AR 72342

*Alan R. King*

4