# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## HELENA DIVISION

ALAN R. KING, JR.

REG. #08297-028                                                                                                PLAINTIFF

V.                              NO: 2:09CV00163 JMM/HDY

USA                                                                                                            DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff filed this complaint on July 9, 2009, pursuant to the Federal Tort Claims Act ("FTCA"), wherein he alleged that he was the victim of assault and battery and extortion attempts from April of 2008 through May 2008, by Stephen Melton, who was a prison guard at the Federal Correctional Institution in Forrest City. Plaintiff also claims medical care for injuries sustained in an assault was delayed. On March 4, 2010, Plaintiff was granted leave to amend his complaint to bring claims against Melton pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (docket entry #27). On April 7, 2010, Plaintiff was granted leave to amend his complaint again, to bring *Bivens* claims against Defendants T.C. Outlaw and Eric Thompson (docket entry #49).

Now pending before the Court is a motion to dismiss filed by Defendant USA (docket entry #74), and motions for summary judgment filed by Defendants Outlaw, Thompson, and USA (docket entry #86), and Melton (docket entries #90 & #97). Plaintiff has filed responses (docket entries #77,

#88, #91, & #100).[1]

## I. Standard of review

Summary judgment

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Motion to dismiss

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007)

---

[1] Most of Defendants' motions for summary judgment were initially filed as motions to dismiss. However, on November 10, 2010, the Court entered an order noting that the motions filed at docket entries #86 & #90 would be treated as motions for summary judgment, and directing Defendants to file statements of facts by November 24, 2010 (docket entry #94). That order directed Plaintiff to file any additional response no later than 14 days after the Defendants's statements of facts. Statements of facts have been filed by all Defendants, and Plaintiff's most recent response (docket entry #100), was filed on December 3, 2010, after the final statement of facts was filed.

(overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers.[2] However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

## II. Analysis

<u>*Bivens* claims</u>

All Defendants contend in their motions for summary judgment that Plaintiff's *Bivens* claims must be dismissed due to his failure to exhaust his administrative remedies before filing this lawsuit. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731,

---

[2]Because § 1983 cases are similar to *Bivens* cases, Appellate Courts have tended to incorporate § 1983 law into *Bivens* actions. *See Duffy v. Wolle*, 123 F.3d 1026, 1037 (8th Cir. 1997).

733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their motions, Defendants cite the Declaration of An Tran, the Bureau of Prisons' senior litigation counsel who has access to inmates' administrative remedy records. According to Tran, Plaintiff has not exhausted any administrative remedy during his incarceration at the Bureau of Prisons. In response (docket entries #88 & #100), Plaintiff contends the he exhausted all available remedies through his exhaustion of the FTCA claim, and that his claim did not require exhaustion because it was a complaint of staff misconduct which was being investigated. The fact that Plaintiff may have exhausted an FTCA claim is insufficient to demonstrate exhaustion of *Bivens* claims against individual Defendants. Although Plaintiff contends the administrative remedy was not the proper venue to assert his claims, he has offered nothing to suggest that his complaints could not be raised in the prison's administrative context. Finally, Plaintiff asserts that the prison's administrative remedy was not "available" because of an ongoing investigation and 20 day time limit that prevented him from submitting a timely claim, but he has failed to provide any evidence that he tried to submit an administrative remedy during the time period.[3] Accordingly, Plaintiff has failed to exhaust his administrative remedies with respect to his *Bivens* claims against any Defendant, and all such claims should be dismissed without prejudice.

---

[3] Even if the Court determined that the 20 day time limit should be tolled because of an ongoing investigation, such a determination would not help Plaintiff, because, according to Tran's declaration, Plaintiff had not exhausted any remedies, regardless of the date they were filed, as of September 22, 2010, well after the complaint was filed.

FTCA claims

Even though Plaintiff did not exhaust any *Bivens* claims, it appears that he did exhaust his FTCA claim involving Melton's alleged activities. Defendant USA asserts in its motion to dismiss that Plaintiff's FTCA claim should be dismissed because Melton was not acting in his scope of employment.[4] The FTCA provides a limited waiver of sovereign immunity, allowing the United States to be held liable for torts committed by an employe, under circumstances where a private person would be liable in accordance with the law of the place where the act occurred. *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008). A threshold requirement to establish jurisdiction under the FTCA is that the federal employee must have been acting within the scope of his employment when the tort was committed." *Johnson* at 963. Under Arkansas Law, "[t]he scope of employment includes acts done with the object and purpose of the enterprise and not acts that are strictly personal." *Costner v. Adams*, 82 Ark.App. 148, 154 (Ark. Ct. App. 2003). The Arkansas Supreme Court has found that a nursing home assistant was not "by any stretch of the imagination acting within the scope of his duties" when he assaulted a patient. *Regions Bank & Trust v. Stone County Skilled Nursing Facility, Inc.*, 49 S.W. 3d 107, 115 (2001). Similarly, in this case, Plaintiff seeks to hold Defendant USA liable for Melton's alleged assaults, sexual assaults, or extortion attempts. Plaintiff appears to concede in his response to the motion to dismiss that Melton was not

---

[4]United States District Judge James M. Moody entered an order on July 7, 2010, denying USA's earlier motion to dismiss Plaintiff's FTCA claims (docket entry #72). That order, however, only concluded that Plaintiff could bring an assault and battery claim against a prison guard under the FTCA for actions other than those arising from and incident to a search, seizure or arrest. Judge Moody's order was specifically without prejudice as to USA's filing a motion to dismiss regarding its argument that Melton cannot pursue an FTCA claim against it because Melton was not acting within his scope of employment.

acting in the scope of his employment (docket entry #77, page #3).[5] Plaintiff's descriptions of the alleged assaults were that Melton kicked him in the leg for saying something he did not like (docket entry #1, page #2), and that he put him in an arm hold and slammed him to a desk because of Melton's family problems (docket entry #1, pages #2 & #3).  Melton allegedly extorted money from Plaintiff so that he could buy a bass boat and fishing supplies (docket entry #1, page #3).  The alleged sexual assaults described were strictly for Melton's gratification, and not for any furtherance of his official duties.  Accordingly, Melton was not acting within the scope of his employment during the alleged torts, and Plaintiff's FTCA claims should be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion to dismiss filed by Defendant USA (docket entry #74) be GRANTED.

2. The motions for summary judgment filed by Defendants USA, T.C. Outlaw, and Eric Thompson (docket entry #86), and Steven Melton (docket entries #90 & #97) be GRANTED.

3. Plaintiff's *Bivens* claims against Defendants USA, T.C. Outlaw, Eric Thompson, and Steven Melton, be DISMISSED WITHOUT PREJUDICE.

4. Plaintiff's Federal Tort Claims Act claims against Defendant USA be DISMISSED WITH PREJUDICE.

DATED this __15__ day of December, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5]Although Plaintiff seems to concede that Melton was not acting in the scope of his employment, he argues that Outlaw and Thompson were when they allowed him to remain under Melton's supervision.  However, Plaintiff's FTCA claim mentions nothing about Outlaw or Thompson and therefore, he has not exhausted any FTCA claims involving their actions (docket entry #1, pages #7-#16).