IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

ALAN R. KING, JR.
REG #08297-028                                                                                           PLAINTIFF

V.                                          CASE NO.  2:09CV00163 JMM

UNITED STATES OF AMERICA                                                              DEFENDANT

## ORDER

Plaintiff has filed a Motion to Reconsider the Court's Order of September 15, 2011 (#122).  For the reasons stated below, the motion is denied.

On January 6, 2011, the Court entered a Judgment dismissing Plaintiff's case without prejudice with respect to Plaintiff's claims brought pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for failure to exhaust, and with prejudice with respect to Plaintiff's claims brought pursuant to the Federal Tort Claims Act ("FTCA").  Plaintiff filed an appeal of this Judgment on February 3, 2011.

On May 18, 2011, the Court of Appeals for the Eight Circuit affirmed the Judgment and issued its Mandate on August 4, 2011.  Plaintiff filed a timely Rule 60(b) Motion for Reconsideration of the District Court's dismissal based upon newly discovered evidence.  The Court denied the Motion to Reconsider focusing its analysis on Plaintiff's *Bivens* claims.

In this Motion to Reconsider, Plaintiff contends that his argument regarding newly discovered, and previously unavailable evidence, was applicable to his FTCA claims, not his

1

*Bivens* claims.  After reviewing Plaintiff's August 22, 2011, Rule 60(b) motion, it is clear that Plaintiff sought to have this newly discovered evidence considered in relation to his FTCA claim.

In his first Motion to Reconsider, Plaintiff stated that he had very recently discovered a copy of an informal resolution attempt in the Bureau of Prison's file regarding Defendants Outlaw and Thompson.  He claimed that in response to this informal resolution attempt, he was told that his complaint could not be resolved through the administrative remedy procedure because it involved "alleged staff misconduct."  It is Plaintiff's position that this document is newly discovered evidence because it was not available to him during the pendency of the Motion for Summary Judgment because it had been stolen by the prison staff.  Plaintiff attached as Exhibit "A" the December 4, 2008, copy of the informal resolution.

As previously stated, because the Eighth Circuit has issued its Mandate, this Court has jurisdiction to consider Plaintiff's motion.  *See United States v. Hessman*, 493 F.3d 977, 981 (8th Cir. 2007) (noting a district court is again vested with jurisdiction upon receipt of appellate judgment); *Carlson v. Hyundai Motor Co.*, 222 F.3d 1044, 1045 (8th Cir. 2000) (issuance of mandate formally marks end of appellate jurisdiction; jurisdiction returns to tribunal to which mandate is directed, for such proceedings as may be appropriate).  However, under the law-of-the-case doctrine, the decision by the Eighth Circuit that the District Court's dismissal of Plaintiff's FTCA claims with prejudice was proper may not be reviewed by this Court unless substantially different evidence is introduced or the prior decision is clearly erroneous and works a manifest injustice.  *See United States v. Callaway*, 972 F.2d 904, 905 (8th Cir. 1992) (*per curiam*) ("[D]ecision in a prior appeal is followed in later proceedings unless a party introduces substantially different evidence, or the prior decision is clearly erroneous and works a manifest

2

injustice.").

Rule 60(b)(2) permits the court to relieve a party from a final judgment for "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." The Court finds that Plaintiff's December 2008 informal resolution is not newly discovered evidence.

Regardless of whether prison officials concealed this document from Plaintiff, he knew, or should have known, that the document existed because he created the document. Because he knew the document existed, it is not newly discovered evidence.

Because the prior decision is not clearly erroneous or manifestly unjust and because Plaintiff has failed to present newly discovered evidence that amounts to substantially different evidence, there is no justification that would allow an exception to the law-of-the-case doctrine or permit any relief under Rule 60(b).

IS SO ORDERED THIS  13  day of  October , 2011.

                                                          James M. Moody  
                                                          United States District Judge